UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN HAYMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE BANK, FSB; BANK | ) | 10 C 5910 |
| OF AMERICA, N.A.; BAC HOME LOANS | ) | |
| SERVICING, LP f/k/a COUNTRYWIDE | ) | |
| HOME LOANS SERVICING, LP; VALOR | ) | |
| FINANCIAL SERVICES, LLC; MARILYN J. | ) | |
| CIESLAK; and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff Helen Haymer's ("Haymer") motion for clarification and/or for a ruling on Count V of our July 15, 2011 Memorandum Opinion. For the following reasons the motion for clarification and/or for a ruling is granted.

## BACKGROUND

We briefly restate the facts that are set out in greater detail in our previous opinion. *Haymer v. Countrywide*, 10 C 5910, 2011 WL 2790172 (N.D. Ill. July 15, 2011) (Kocoras, J.).

This case involves a dispute over a $157,624 loan made to Haymer by Countrywide Bank, FSB ("Countrywide"). Haymer obtained the loan through Valor Financial Services, LLC ("Valor"), an independent brokerage company. According to the allegations of the complaint, which we accept as true for purposes of this motion, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), Haymer is a 73 year-old African-American disabled widow residing in a home that she purchased with a mortgage loan. Around January 2009, Haymer was seeking relief from an overly burdensome monthly mortgage payment. An acquaintance referred her to Valor for refinancing. On or about January 6, 2009, a representative of Valor met Haymer at her home and assisted her in completing the initial loan application form. Shortly after the meeting, the representative submitted the application to Countrywide. On January 22, 2009, Countrywide approved the loan and the parties closed on the transaction on January 26. After the close of the transaction, Countrywide transferred the loan's servicing rights to BAC Home Loans Servicing, LP ("BAC"), and assigned ownership to Bank of America, N.A. ("BoA").

Haymer alleges that the 2009 transaction was a fraud because, prior to closing, Countrywide and Valor did not provide her with any preliminary disclosures of the loan terms, as required by law. Haymer alleges that the Defendants committed fraud when, during the closing, Valor failed to disclose the specific terms of the loan. Valor's

representative arrived with a single set of closing documents, which Haymer signed, and subsequently took all the documents away leaving only two documents that did not disclose the vital terms of the loan. Haymer further claims that Countrywide failed to provide copies of the federal Notice of Right to Cancel form. According to Haymer, Defendants' failure to provide final loan disclosures and other critical closing documents was intended to prevent her from discovering the loan's repayment amounts and to deprive her of her federal right to cancel the loan within three business days.

On September 17, 2010, Haymer filed her initial complaint which was amended on February 16, 2011. Among other violations, the complaint alleges violations of the Truth in Lending Act ("TILA") (Count V), 15 U.S.C. § 1601. Count V is asserted against Countrywide, BoA, and BAC. On July 15, 2011, this Court dismissed Count V in its entirety. On July 18, 2011, Haymer filed a motion for clarification and a motion for a ruling on Count V.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must overcome "two easy-to-clear hurdles:" (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has the right to relief, raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d

1074, 1084 (7th Cir. 2008) (internal quotation marks omitted). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks omitted). The court must "take the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

**DISCUSSION**

Haymer asks the Court to: (1) revise our July 15, 2011 ruling dismissing the rescission claim couched in Count V; (2) rule on her refusal-to-rescind damages; (3) clarify wether BAC is a proper defendant in this action; and (4) rule on the election of remedies issue.

**I. Rescission Claim**

Haymer first asks that we revise our prior opinion dismissing Count V in its entirety because, in their motions to dismiss, Defendants only argued for dismissal of the statutory damages portion of the TILA claim. In Count V of her complaint, Haymer asserts two claims under the TILA: a rescission claim and a statutory damages claim for each party's refusal to rescind. In their briefs, Defendants asked that "the claim for damages [be] limited to rescission." Because Defendants do not argue that the rescission

part of the claim merits dismissal, we revise our opinion to reflect that Haymer's claim for rescission survives.

## II. Refusal-to-Rescind Damages

Haymer next asks that we rule on the refusal-to-rescind damages claim that she brought under 15 U.S.C. § 1635(g) because we failed to address this issue in our first opinion.

In its motion to dismiss, Countrywide argued that, because BoA is an assignee and not a creditor, BoA cannot be held liable for statutory damages unless the alleged misrepresentations or the TILA violations are apparent on the face of the disclosure documents presented to the assignee. Countrywide correctly maintains that BoA can be liable only if a disclosure violation is apparent on the face of the documents assigned. However, Haymer is seeking statutory damages for a refusal-to-rescind violation, not a disclosure violation. An assignee can be held liable for statutory damages for violating a consumer's right to rescind. *Garcia v. HSBC Bank U.S.A., N.A.*, No. 09 C 1369, 2009 WL 4730961, at *5 (N.D. Ill. Dec. 7, 2009) (citing *Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp. 2d 910, 916-17 (N.D. Ill. 2002). Therefore, if Haymer eventually establishes her right to rescind the 2009 transaction, BoA could be liable for statutory damages based on its wrongful refusal to rescind the loan. Accordingly, we revise our July 15, 2011 ruling to reflect that Countrywide's motion to dismiss Haymer's refusal-to-rescind statutory damages is denied.

### III. Necessary Party

Haymer next asks that we clarify whether BAC is a necessary party to her TILA rescission claim. Countrywide argues that as the servicer of the loan, BAC lacks the necessary interest to be joined as a party and be held liable under TILA. Haymer counters that BAC is a necessary party because, pursuant to Federal Rule of Civil Procedure 19, it has a substantial interest in this action. Rule 19(a)(1)(B) provides that a person shall be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest[] or leave an existing party subject to a substantial risk of incurring . . . multiple [or] inconsistent obligations because of the interest." Here, BAC services the loan Haymer is attempting to rescind by collecting payments and late fees and by making credit reports. This right to payment is an interest in the subject of this action. In addition, if the loan is ultimately rescinded, BAC's interest will cease. Therefore, it is premature at this juncture to conclude that BAC is not a necessary party to the action. Countrywide's motion to dismiss BAC from this action is denied.

### IV. Election of Remedies

Haymer next asks that we address the election of remedies issue. Countrywide argues that Haymer's actual damages claims asserted in Counts I to V should be dismissed because they are rendered moot by her TILA rescission claim. Concretely,

Countrywide maintains that, under the doctrine of election of remedies, Haymer is required to elect between recovery of general monetary damages and rescission of the loan agreement.

"[W]hen a party has two remedies proceeding upon opposite and irreconcilable claims of right, the one adopted excludes the other." *Medcom Holding Co. v. Baxter Travernol Labs., Inc.*, 984 F.2d 223, 228 (7th Cir. 1993). However, when a party is entitled to alternative remedies that are based upon an identical set of facts, these remedies are not inconsistent, "though they may not be able to stand together." *Id*. (Internal quotation marks omitted). "In such a case the invocation of the one remedy is not an election which will bar the other." The doctrine applies only if the remedies are inconsistent, that is, "a party could not logically assume to follow one without renouncing the other." *In re Witte*, 841 F.2d 804, 806 n.4 (7th Cir. 1988) (internal quotation marks omitted).

The Court is reluctant, at this stage of the proceedings, to dismiss Haymer's actual damages claims. In her complaint, in addition to actual damages resulting from a fraudulently inflated interest rate, an increase of her mortgage's principal balance, and a decrease in the equity of her house, Haymer has pleaded that Defendants damaged her credit score and caused her mental suffering. These intangible injuries cannot be redressed by rescinding the loan agreement. For instance, a rescission of the loan transaction would not extinguish part of Haymer's Count III claim brought under the

Illinois Consumer Fraud Act ("ICFA"). Under the ICFA, actual damages include compensation for mental suffering. *Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 760 N.E.2d 1218, 1228 (Ill. App. Ct. 1992) (holding that a jury award of $750 for "aggravation and inconvenience" for violation of the ICFA was not erroneous). Ultimately, the loan transaction could be rescinded and Haymer could still pursue actual damages under the ICFA. Therefore, Haymer's claim that she suffered emotional distress would survive a rescission.

Furthermore, Rule 8(a) states that a demand for relief may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). Haymer is permitted to plead alternative theories of damages in her complaint. Accordingly, Countrywide's motion to dismiss Haymer's actual damages asserted in Counts I to V is denied.

## CONCLUSION

Based on the foregoing analysis, Haymer's motion for clarification and/or for ruling is granted.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated: July 28, 2011