# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | Sheila Finnegan |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5910 | **DATE** | 3/23/2012 |
| **CASE TITLE** | Helen Haymer vs. Countrywide Bank, FSB, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Compel Defendant Valor Financial Services, LLC [105] is granted as to any discovery request to which Valor declined to answer on the ground that "[t]his request is subject to Valor's Motion to Strike the class allegations." The Court will rule on all other discovery requests and objections during the hearing on April 4, 2012 if the parties have not resolved them through the meet and confer process.

■[ For further details see text below.]

Mailed notice.

## STATEMENT

    Plaintiff has moved to compel responses to her First Set of Discovery Requests. Valor objects to certain of the requests as improperly seeking discovery intended to pursue class claims. Valor argues that it should not be required to answer such requests because: (1) Valor brokered a good and solid loan; (2) damages alleged in the class action counts are not amenable to class action since each loan requires a specific inquiry; (3) the loan "was an improvement over [Plaintiff's] then existing loan and . . . is not typical of the class allegations"; (4) the claims are not feasible as class actions because the numerosity allegations are conclusory and deficient; and (5) Plaintiff cannot represent any potential class under the Equal Credit Opportunity Act since she is pursuing a claim under the Illinois Consumer Fraud Act and cannot recover under both. (Doc. 131). None of these arguments is a proper response to the motion to compel.

    As Valor well knows, a party may seek an early disposition of class allegations where appropriate. This sometimes is done through a motion to dismiss class claims, a motion to strike class allegations, or a motion to deny certification. When such efforts fail, however, a party may not then object to discovery (or defend against a motion to compel) on the ground that the class claims are deficient and should be dismissed. This is what has happened here.

    On March 23, 2011, Valor filed a motion to dismiss the complaint, including the class allegations. (Doc. 51). On July 15, 2011, the district judge denied the motion as to the class claims, stating (in relevant part):

> Valor argues that Haymer's proposed class fails to meet the numerosity and typicality requirement of Federal Rule of Civil Procedure 23. Such determinations, however, are premature at this point in the litigation, when there is no motion for class certification

**STATEMENT**

pending. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981) (stating that "some degree of discovery may be appropriate in certain cases to aid making the necessary class determinations [and that] [t]he pleadings are expected to be of assistance, but more information may be needed"); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001) (distinguishing between a district court's role at the motion to dismiss stage and the class certification stage).

(Doc. 84, at 17-18).

Plaintiff subsequently served discovery concerning the class (and other) claims on November 23, 2011, and moved to compel responses on January 3, 2012. It was at this point that Valor filed a motion to strike the class allegations, contending that Plaintiff was unable to show that her counsel could adequately represent the putative class. (Doc. 110). This Court denied the motion to strike on February 2, 2012. (Doc. 126). Despite Valor's failed motion to dismiss and motion to strike, it now argues in opposition to a motion to compel discovery that the class claims are deficient. Indeed, it relies on some of the very same arguments previously made to, and rejected by, the district judge. Even to the extent that Valor offers new arguments for dismissing or striking the class claims, Valor may not properly raise these arguments for the first time in a response to a motion to compel discovery. For these reasons, Plaintiff's motion to compel is granted as to any discovery request to which Valor categorically declined to answer on the ground that the request "is subject to Valor's Motion to Strike the class allegations." The Court will rule on all other discovery requests and objections during the hearing on April 4, 2012 if the parties have not resolved them through the meet and confer process.