IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN HAYMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 C 5910 ) |
| COUNTRYWIDE BANK, FSB, et al., | ) Judge Charles P. Kocoras ) Magistrate Judge Finnegan ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Helen Haymer has filed suit charging Defendants Bank of America, N.A., Countrywide Bank, FSB, and BAC Home Loans Servicing, LP (collectively "BANA") with mortgage loan fraud. Currently before the Court is Plaintiff's motion for leave to disclose a rebuttal expert witness under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). For the reasons set forth here, the motion is granted.

## BACKGROUND

Plaintiff is an elderly, disabled widow on a fixed income. In January 2009, she sought to refinance the mortgage on her house in order to reduce her burdensome monthly payments. According to Plaintiff, BANA was involved in orchestrating a fraudulent refinancing transaction that has left her on the verge of losing her home. In this lawsuit, she alleges, among other things, that BANA's actions have caused her severe and continuing emotional distress, including fitful and interrupted sleep, constant worry, and elevated blood pressure. (Doc. 41, Second Amended Complaint, ¶¶ 59, 60).

On November 30, 2012, Plaintiff disclosed her treating physician, geriatric specialist Elaine Liu, M.D., as an expert witness on the issue of her emotional distress.

In her written report, Dr. Liu opined that based on personal observations and a review of relevant medical records, Plaintiff suffers from "symptoms of insomnia, weight loss, anhedonia and emotional burdens, apparent over multiple office visits in the past year, [that] are compatible with the stress she is enduring from the threat of the loss of her home to foreclosure." (Doc. 265-4, Liu Report, at 2). Dr. Liu also noted that it is not uncommon for older adults to experience physical and psychological distress due to poor financial situations, limited or no social support, and difficulties in mobility and cognition. (*Id*. at 1).

After deposing Dr. Liu on December 19, 2012, BANA moved for an order requiring Plaintiff to submit to a Rule 35 mental examination with Sandra S. Swantek, M.D., Director of Geriatric Psychiatry for the Northwestern University Feinberg School of Medicine. This Court granted the motion on February 22, 2013, finding that Plaintiff's mental condition is "in controversy" in this case, and that there was good cause for the exam. *Haymer v. Countrywide Bank, FSB*, No. 10 C 5910, 2013 WL 657662, at *3-4 (N.D. Ill. Feb. 22, 2013). In reaching this conclusion, the Court found it significant that Dr. Swantek had identified "several [written] tests that should be performed on Plaintiff to assess her emotional condition," none of which had been administered by Dr. Liu. *Id*. at *4.

BANA disclosed Dr. Swantek's expert report on April 17, 2013. Nearly three weeks later, on May 7, 2013, Plaintiff's counsel sent BANA's counsel an email asking to schedule Dr. Swantek's deposition. Due to the limited availability of the witness and counsel, the deposition began on June 27, 2013 and was completed on July 19, 2013. At a hearing on July 23, 2013, Plaintiff sought leave to disclose a rebuttal expert. BANA

opposes the request, arguing that (1) Plaintiff is improperly attempting to supplement or bolster Dr. Liu's deficient report, and (2) her request is untimely. As discussed below, the Court finds that Plaintiff should be allowed to disclose a rebuttal expert in this case.

## **DISCUSSION**

In the absence of a court order, a rebuttal expert must be disclosed "within 30 days after the other party's disclosure" of its expert. FED. R. CIV. P. 26(a)(2)(D)(ii). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) (quoting *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001)). *See also Butler v. Sears Roebuck & Co.*, No. 06 C 7023, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010) ("Rebuttal reports should be limited to contradict[ing] or rebut[ting] evidence on the same subject matter identified by another party in its expert disclosures.") (internal quotations omitted). A party is not permitted to "offer testimony in the guise of 'rebuttal' only to provide additional support for his case in chief." *Stanfield v. Dart*, No. 10 C 6569, 2013 WL 589222, at *3 (N.D. Ill. Feb. 14, 2013) (citing *Peals*, 535 F.3d at 630). At the same time, "the mere fact that opinions offered in a rebuttal report touch upon the same subjects covered in an initial expert report does not require that the rebuttal report be stricken." *Lott v. ITW Food Equip. Group LLC*, No. 10 C 1686, 2013 WL 3728581, at *21 (N.D. Ill. July 15, 2013) (quoting *Green v. Kubota Tractor Corp.*, No. 09 C 7290, 2012 WL 1416465, at *5 (N.D. Ill. Apr. 24, 2012)).

A. **Rebuttal v. Bolstering**

BANA first claims that it is "crystal clear" that Plaintiff is trying to "improperly replace or supplement Dr. Liu's deficient report," rather than rebut Dr. Swantek's

findings. (Doc. 291, at 4). BANA notes that Dr. Liu did not perform any comprehensive psychiatric or psychological evaluation of Plaintiff aside from a two-part question depression test administered in September 2009, before Plaintiff's home went into foreclosure in November 2010. (*Id.* at 3). In addition, BANA describes Dr. Liu's conclusions as cursory with "scant details about what [she] did to assess Plaintiff's purported severe emotional distress to reach the apparent conclusion that BANA's conduct was the precipitating cause." (*Id.*). Now that Dr. Swantek has given Plaintiff the Geriatric Depression Scale, Personal Health Questionaire-9, Beck Hopelessness Scale, and Columbia Suicide Severity Rating Scale, however, Plaintiff wants to retain another expert to re-administer these tests, (Doc. 285, at 7), and bolster Dr. Liu's deficient report. (Doc. 291, at 4).

Plaintiff insists that she is not seeking to supplement or replace Dr. Liu's report, but only to "disclose an expert who has reviewed and critiqued Dr. Swantek's report, her assumptions, methodology, interpretations of plaintiff, and her conclusions." (Doc. 303, at 3). Plaintiff says she intends to rely on Dr. Liu's report in her case-in-chief, and "is not seeking to disclose a new expert for her case-in-chief, to change a rebuttal expert witness into an expert for her case in chief or to provide additional support for her case in chief under the guise of 'rebuttal.'" (*Id.* at 4). The only reason Dr. Liu is not serving as the rebuttal expert, Plaintiff explains, is her unavailability. (*Id.* at 3; Doc. 303-1).

The Court is satisfied that Plaintiff understands the proper scope of a rebuttal expert report and is not attempting merely to strengthen her case-in-chief by supplementing Dr. Liu's report. *Compare Noffsinger v. The Valspar Corp.*, No. 09 C 916, 2011 WL 9795, at *3 (N.D. Ill. Jan. 3, 2011) (plaintiff was not allowed to bring in a

new treating physician "under the deadline for rebuttal witnesses" and then "switch her role after the fact" to allow her to "testify in the plaintiff's case in chief after the deadline for disclosing expert witnesses ha[d] passed."). Contrary to BANA's suggestion, moreover, the mere fact that Plaintiff has to rely on a new expert to respond to Dr. Swantek's findings is not evidence that the report will constitute improper bolstering. In that regard, the plaintiff in *Noffsinger* also disclosed a true rebuttal expert, Dr. Ross Meyerson, who had not provided any of the plaintiff's initial expert reports. *Id*. at *1. The court found that Dr. Meyerson was a proper rebuttal witness to the extent that he had "reviewed and critiqued the reports of defendants' experts . . ., challenging their methodology and the evidence on which they relied." *Id*. at *7.

BANA argues that Plaintiff has not demonstrated that she actually needs to rebut Dr. Swantek's report. For example, what Plaintiff views as Dr. Swantek's equivocation on whether she "actually suffered or is suffering severe emotional distress and/or depression," (Doc. 285, at 5), BANA describes as Plaintiff "simply parsing words to harp on a few instances . . . in which Dr. Swantek (who is not a lawyer) inadvertently omits the word 'alleged' when referencing Plaintiff's alleged severe emotional distress." (Doc. 291, at 7). BANA also disagrees with Plaintiff's characterization of Dr. Swantek's opinion as ambiguous on the issue of causation. (*Id*. at 6).

At the same time, BANA acknowledges that "Plaintiff has not provided any guidance on the specifics of what the opinions of this new expert will be." (*Id*. at 15). Without seeing the substance of the proposed expert's opinions, the Court cannot determine whether the opinions constitute proper rebuttal. At a minimum, the Court sees no reason why Plaintiff should not be allowed to have her own expert review the

results of the four written tests for depression and opine as to whether Dr. Swantek's conclusions are sound. This is especially true since Dr. Swantek testified to her belief that Plaintiff "looked so good and worked with me . . . in a way that suggested the possibility that she may have been doing her best to answer . . . those tests the way she thought she needed to." (Swantek Dep., Ex. D, at 268). If it turns out that some of the rebuttal opinions raise new issues not properly responsive to Dr. Swantek's evaluation, then "the appropriate course is to limit the proposed rebuttal expert's testimony rather than striking it altogether." *Noffsinger*, 2011 WL 9795, at *7.

**B.     Timeliness**

BANA also objects that Plaintiff's request to disclose a rebuttal report must be denied as untimely. Since this Court did not set a deadline for rebuttal expert disclosures, Plaintiff had 30 days from receiving BANA's expert report to submit her rebuttal. FED. R. CIV. P. 26(a)(2)(D)(ii). BANA disclosed Dr. Swantek's report on April 17, 2013, making the deadline for Plaintiff's rebuttal report May 17, 2013. Plaintiff acknowledges that she missed this deadline but insists that she could not have disclosed a rebuttal expert any sooner since she only completed Dr. Swantek's deposition on July 19, 2013. (Doc. 285, at 5). BANA disagrees, arguing that Plaintiff delayed even requesting Dr. Swantek's deposition until "20 days into the 30-day period for disclosing rebuttal experts" despite knowing that her counsel had limited availability in late May and mid-June, (Doc. 291, at 8, 9; Doc. 291-1), and that in any event, the need for a rebuttal report on causation "should have been foreseeable when Plaintiff received Dr. Swantek's report (if not sooner)." (Doc. 291, at 13).

6

Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26(a) "is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Seventh Circuit has established four factors to guide a court in determining whether the sanction of exclusion is warranted: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). *See also Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.*, No. 08 C 1083, 2010 WL 3894444, at *3 (N.D. Ill. Sept. 30, 2010).

The Court finds that all of the relevant factors weigh in favor of allowing Plaintiff to identify a rebuttal expert. Plaintiff indicated her intent to rely on rebuttal expert witnesses as far back as March 28, 2012, (Doc. 153 ¶ 5), and on May 17, 2013, she disclosed rebuttal experts who would respond to three out of four of BANA's expert reports. Given the nature and importance of Dr. Swantek's findings, it is not surprising that Plaintiff decided to disclose a fourth rebuttal expert, and BANA does not claim to have been surprised. Though Plaintiff's delay in this regard is disappointing, "even unjustified delays can be excused if they do not prejudice the other party." *Shen Wei (USA) Inc. v. Sempermed USA, Inc.*, No. 05 C 6004, 2009 WL 674364, at *2 (N.D. Ill. Mar. 12, 2009).

Since Dr. Liu continues to serve as Plaintiff's primary expert and the rebuttal report will be limited to responding to Dr. Swantek's findings, BANA has not been prejudiced by having "spent the last eight months preparing a defense based on the

expert testimony provided by Dr. Liu." (Doc. 291, at 14). *Compare Shen Wei (USA) Inc.*, 2009 WL 674364, at *1-2 (where defendants spent two and a half years preparing a defense based on plaintiffs' representation that Vitamin E was the only substance in an accused product, plaintiffs could not rely on rebuttal expert report newly claiming the accused product also contained "substances other than Vitamin E."). Any prejudice from the late disclosure, moreover, can be cured by allowing BANA to depose the rebuttal expert. Though this will delay the close of expert discovery somewhat, no trial date has yet been set and neither party has moved for summary judgment. *Cf. Gilbane Bldg. Co. v. Downers Grove Community High Sch. Dist. No. 99*, No. 02 C 2260, 2005 WL 838679, at *11 (N.D. Ill. Apr. 5, 2005) (prejudice from late disclosure of expert report could not be cured where final pretrial order and trial dates were set and unchangeable).

Finally, this Court does not believe that Plaintiff acted in bad faith in failing to disclose the rebuttal expert earlier, as there is no evidence of willfulness or any attempt to seek a tactical advantage by the delay. BANA finds it significant that Plaintiff has been living in the foreclosed home for years without making any payments, (Doc. 291, at 15-16), but all parties bear responsibility for the long duration of this litigation.[1] Given the significant expense that Plaintiff must incur to obtain rebuttal testimony from a medical expert, as well as all the other circumstances presented here, the Court is not

---

[1] Between December 2010 and July 2011, the parties (including defendants Valor Financial Services and Marilyn Cieslak) were briefing motions to dismiss and a motion to strike portions of Plaintiff's response to a motion to dismiss. Shortly after the district judge ruled on these motions, the parties focused on settlement, requesting a settlement conference with this Court on November 7, 2011. After failing to reach a settlement, the parties began discovery with an initial deadline of March 29, 2012. (Doc. 103). Since then the parties have engaged in quite contentious litigation, resulting in frequent motion practice. Both Plaintiff and BANA have filed numerous agreed motions seeking extensions of time.

8

persuaded that she deliberately delayed disclosing the expert (risking exclusion) in order to gain a tactical advantage. To the extent that Plaintiff later discloses opinions from the new expert that go beyond proper rebuttal testimony and would result in an unfair tactical advantage, BANA is free to seek to exclude such opinions at trial. For all these reasons, BANA's timeliness objection is overruled.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Leave to Disclose Rebuttal Expert Witness (Doc. 285) is granted. Plaintiff must disclose her rebuttal expert report by October 28, 2013. No extensions will be allowed. Status hearing is set for November 4, 2013 at 10:00 a.m.

ENTER:

Dated: September 13, 2013

_____
Sheila Finnegan
United States Magistrate Judge